```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF TEXAS
                     FORT WORTH DIVISION

BENSON GILLIS,                      §
(TDCJ # 602267),                    §
     Petitioner,                    §
VS.                                 §  CIVIL ACTION NO.4:98-CV-1096-D
                                    §
                                    §
NATHANIEL QUARTERMAN,Director,[1]   §
T.D.C.J., Correctional              §
Institutions Div.,                  §
     Respondent.                    §
```

FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER
(With special instruction to the clerk of Court)

This cause of action was referred to United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

A. NATURE OF THE REFERRAL

Petitioner Benson Gillis originally sought habeas corpus relief in this action pursuant to 28 U.S.C. § 2254. As a result of the October 20, 2006, Order of Reference, the district judge referred Gillis's October 16, 2006 motion to be relieved of a final

---

[1] Although Petitioner named Texas Department of Criminal Justice (TDCJ) Executive Director Brad Livingston as respondent, Nathaniel Quarterman, Director of the Correctional Institutions Division should be substituted as Respondent. The clerk of Court is directed to make this change on the docket of this case.

judgment, and motion for leave to proceed in forma pauerpis, to the undersigned.[2]

B. PARTIES

Petitioner Benson Gillis, Texas Department of Criminal Justice (TDCJ) No. 602267, is currently confined in the Polunsky Unit in Livingston, Texas. The director of the TDCJ Correctional Institutions Division is the proper Respondent.

C. BACKGROUND

Petitioner Gillis was convicted of the offense of attempt to commit capital murder of a peace officer in the Criminal District Court Number Three of Tarrant County, Texas, and sentenced to forty years imprisonment in 1991. His conviction and sentence were affirmed on direct appeal in an unpublished opinion in 1993. In 1998, he filed this petition for writ of habeas corpus under 28 U.S.C. § 2254, which the Court dismissed with prejudice as time-barred in an order and judgment entered on March 15, 2000. Gillis's application for a certificate of appealability was denied in an order of the United States Court of Appeals for the Fifth Circuit. Petitioner now seeks relief under Federal Rules of Civil Procedure 60(b)(5) and 60(b)(6), claiming both that this Court erred in its procedural ruling determining that he was not entitled to equitable

---

[2] The order of reference also prospectively referred all procedural motions thereafter filed by a party to the undersigned. On January 3, 2007, Gillis filed a "Motion for Expansion of State Court Records." Because the undersigned recommends herein that Gillis's 60(b) motion should be denied and dismissed, the motion for expansion of the record [docket no. 38] should also be denied.

2

tolling for the time he sought trial transcripts and arrest records in state court proceedings, and claiming that he is actually innocent of the underlying state court conviction.

   D. LEGAL ANALYSIS

   Resolution of Gillis's motion requires determination of whether it is properly subject to treatment as a Rule 60(b) motion or rather is treated as a successive petition for habeas review subject to the pre-suit authorization requirements of 28 U.S.C. § 2244(b). In *Gonzalez v. Crosby,*[3] the Supreme Court held that a Rule 60(b) motion for relief from judgment in a habeas case brought under 28 U.S.C. § 2254 is properly characterized as a second or successive petition subject to 28 U.S.C. § 2244(b) if it "seeks to add a new ground for relief" or asserts a "claim" that could be said to attack the district court's previous resolution on the merits.[4] The *Gonzalez* opinion also recognized that a Rule 60(b) motion that challenges only procedural defects in a prior federal habeas action may be considered as denominated.[5] The Supreme Court held that because the 60(b) motion in the case before it alleged only that the federal court misapplied the statute of limitations,

---

[3] 125 S.Ct. 2641 (2005).

[4] *Id.,* 125 S.Ct. at 2648 n.4 (explaining that the phrase "on the merits" means a "determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. § 2254(a) and (d)").

[5] *Id.,* ("[A 60(b) movant] is not [making a habeas claim] when he merely asserts that a previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.")

3

it was not to be treated as a successive habeas corpus petition.[6]

Similarly, after review of the instant motion, to the extent Gillis contends in the bulk of his motion that the application of the statute of limitations bar was in error, it is properly considered under Rule 60(b).[7] Rule 60(b) sets forth a one year deadline for seeking relief from judgment under sections (1), (2) and (3), and requires that all other such motions "shall be made within a reasonable time." The Court entered judgment in this case on March 15, 2000. This motion was not filed until over six years later, on October 16, 2006, and Gillis cites nothing to indicate that his motion could not have been presented earlier. As such, six years is not reasonable in this context,[8] and Gillis's 60(b) motion on the basis that the Court misapplied the limitations bar must be denied.

Gillis, however, also recites in the document that "as an alternative basis" for relief, that he be relieved of the final judgment on the basis of "actual innocence," and that this Court recommend to the Texas Court of Criminal Appeal that he be granted

---

[6] *Id.,* 125 S.Ct. at 2648, 2651.

[7] *See Waddy v. Wilkinson,* No. Civ A 05-0973, 2006 WL 2078004, at *2 (W.D.La. June 13, 2006)(petitioner's Rule 60(b) motion claiming that the court misapplied the limitations provision of § 2244(d) when it denied equitable tolling based upon actual innocence claim could not be dismissed as a successive petition), *report and recommendation adopted,* (docket no. 18-2, July 24, 2006)(not published).

[8] *See generally United States v. Bounds,* No.5:88-CR 50038-02, 2006 WL 2087761, at *1 (W.D.La. July 25, 2006)(six year delay in filing a Rule 60(b) motion to challenge an order denying a motion under 28 U.S.C. § 2255 was not reasonable).

4

relief from his judgment of conviction. (Motion at ¶¶ 6, Prayer.) As this claim does seek to assert a ground for relief challenging the merits of his state conviction, it must be treated as a successive habeas petition. But § 2244(b) requires that a successive petition filed by a person attacking a state-court conviction under § 2254 must be certified by a panel of the appropriate court of appeals.[9] Without such authorization, this Court is without jurisdiction,[10] and the successive petition must be dismissed. Thus, to the extent Gillis's motion raises a new claim of actual innocence, it must be dismissed as a successive petition for writ of habeas corpus, without prejudice to his right to file a motion in the United States Court of Appeals for the Fifth Circuit for leave to file a successive petition pursuant to 28 U.S.C. § 2244(b)(3)(A).

Gillis also filed a motion for leave to proceed in forma pauperis. As no such motion is required to support a motion for relief under Rule 60(b), that motion should be denied as moot.

## RECOMMENDATION

It is therefore RECOMMENDED that Benson Gillis's October 16, 2006 motion to be relieved of a final judgment [docket no. 36], to the extent it challenges this Court's limitations bar dismissal of the petition under 28 U.S.C. § 2254, be DENIED. It is further RECOMMENDED that to the extent the October 16, 2006 motion to be

---

[9] *See* 28 U.S.C.A. § 2244(b)(3)(A)(West Supp. 2006).

[10] *See Hooker v. Sivley,* 187 F.3d 680, 681-82 (5th Cir. 1999).

relieved of a final judgment raises substantive claims that Gillis is actually innocent of the underlying state court conviction, the motion should be DISMISSED as a successive petition without prejudice to Gillis's right to file a motion in the United States Court of Appeals for the Fifth Circuit for leave to file a successive petition pursuant to 28 U.S.C. § 2244(b)(3)(A). It is further RECOMMENDED that the motion for leave to proceed in forma pauperis [docket no. 35] be DENIED. It is further RECOMMENDED that the motion for expansion of state court records [docket no. 38] be DENIED.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation until January 26, 2007. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific written objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal

conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding and legal conclusion if it has been accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc); *Carter v. Collins*, 918 F. 2d 1198, 1203 (5th Cir. 1990).

<u>ORDER</u>

Under 28 U.S.C. § 636, it is ORDERED that Petitioner is granted until January 26, 2007 to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and is hereby, returned to the docket of the United States District Judge.

SIGNED January 5, 2007.

                                            /s/ Charles Bleil
                                            CHARLES BLEIL
                                            UNITED STATES MAGISTRATE JUDGE